McKinney, J.
delivered the opinion of the court.
This is an action of ejectment, brought in the Circuit Court of Blount county, for the recovery of three lots of ground, situated in the town of Maryville.
At the May term, in 1845, of said Circuit Court, the death of Henry Hannum, the sole defendant in the action, was suggested, and it was farther suggested that he had left several minor heirs, who had no regular guardian, and thereupon Ann Eliza Hannum, the widow and personal representative of the estate, was appointed by the court guardian ad litem for said minors, and it was ordered that a scire facias issue, requiring them to appear and shew cause why this suit should not be revived against them. A scire facias was accordingly issued, which was made known to said minor heirs, and also to said guardian, and was returned at the same term at which the death was suggested. The record exhibits, on a subsequent day of the same term, an entry, as follows: — “By consent of parties this suit is revived against the said defendants,— heirs at law of the said Henry Hannum deceased, — and thereupon, by consent, this cause is-referred to the arbitrament and award of Thomas C. Lyon and John H. Crozier, Esqrs., and if they cannot agree they are authorized to choose a third person. And said arbitrators are authorized to settle said cause on principles of law and equity and a spirit of compromise — having regard "to the interest of both parties — which award, when so made, shall be made the judgment of the court therein.” An award was made and returned to a subsequent term of the court, to which various exceptions were filed on behalf of the plaintiffs in error, but the exceptions were overruled by the court, and judgment was rendered thereon. The award need *134 not be noticed, as it is not deemed necessary to discuss any of the questions arising thereon: our consideration of the case will be confined to two preliminary points, made and relied upon by the counsel for the plaintiffs in error,— L Was the suit properly revived? 2. Had the guardian ad litem power to make a submission to an award?
1. Previous to the act of 1819, ch. 16, the death of a sole defendant in an action of ejectment, worked an abatement of the suit. By ,the 4th sec. of that act it is provided, that the “ defendant’s death, pending the .action of ejectment, shall no longer abate the suit, but the same may be revived within two terms, by serving a copy of the declaration, filed In said action, on the heirs or devisees of the defendant; or, if they be minors, on their guardian or guardians, and also a notice to appear and defend said suit.” The 5th sec. empowers the court, in which the suit is pending, if the heirs are minors without a regular guardian, to appoint a guardian to defend said suit — and provides that notice of the appointment as guardian, and ■also of the pendency of said suit, shall be served upon said guardian, at least three months before the succeeding term of the court, and before said suit shall stand for trial, and if such notice be not served upon the guardian in the manner prescribed, and the length of time required, said guardian shall not be compelled to go into trial at the first term after such notice served upon him, but the suit shall stand over until the succeeding term thereafter.
From the limited nature of the power of a guardian ad litem, and the vigilant and zealous care with which the rights of infants are guarded in the court, especially where their interests in real property are involved, it is supposed that the guardian in this case had no authority to consent that the suit should be revived in the mode *135 in which it was done, or to waive or dispense with any of the requirements of the above recited act; that to be operative against the minor defendants, the revivor must be in strict conformity with the letter of the act, and that upon this ground the revivor of this suit, in the mode in which it was attempted to be effected, was irregular and void; and consequently the suit abated. We think, that in reference to mere matters of form, preliminary to a trial, and which cannot, ordinarily, affect or prejudice the merits of the case or the interests of the minors, a guardian ad litem, may exercise a sound discretion; and that for the purpose of saving delay and a useless accumulation of costs, and to expedite the final termination of the suit, such guardian may, if acting fairly and in good faith, as in this case, consent to waive service of a copy of the declaration and the notice required by the act, and agree that the suit shall be revived at the term at which the suggestion of the death is made, when it is manifest that such course, so far from being prejudicial to the interests of the heirs will obviously be to their advantage. We are, therefore, of opinion that this suit was properly revived against the plaintiff in error, and stood regularly for trial in said court.
2. Piad the guardian ad litem power to submit to an arbitration? We think not. It is conceded, in argument, that the minor defendants could not themselves make a submission to an award; but it is insisted by the counsel for the defendant in error, that the guardian ad litem had competent power on their behalf to submit for them; and that such submission is binding upon them. The question whether a regular guardian is empowered to make a submission to arbitration in behalf of his wards, in any case in which their interests in real property are involved, *136 does not arise upon the record before us, and need not, therefore, be considered in this case. But howeyer this may be, as respects a regular guardian, it is very clear that no such power or authority is possessed by a guardian ad litem. And it may be remarked here, that the power and duty of such guardian are limited and strictly confined to the defence of the particular suit in which he is appointed. He is to defend the suit in the court from which he derives his áuthority according to the rule and principles of law applicable to the case as administered in that tribunal, and in conformity with the ordinary mode of trial and practice of the court in similar cases. It is not within the scope of, his authority, or duty, to consent to change the tribunal for the trial; or that the decision shall be upon principles other than those applicable to like cases in the forum in which the suit is pending. His special and restricted power admit of the exercise of no such discretion.
■ We hold, therefore, that the submission, to an award made in this case, was unauthorized and void; that the •court erred in rendering judgment thereon. The judgment of the Circuit Court will be reversed, the submission and award set aside, and the case remanded to the Circuit Court of Blount county to be tided .upon its merits.